UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| RICHARD CLEMONS | ) | CASE NO.: 5:18CV867 |
| Plaintiff, | ) | JUDGE JOHN ADAMS |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| AKRON EMT (John Doe), et al. | ) | |
| Defendants. | ) | |

*Pro se* Plaintiff Richard Clemons ("Plaintiff" or "Clemons") brings this action against John Doe, an "unidentified ambulance driver and [Akron] emt," and Jane Doe, an "unnamed doctor [who] is [an] emergency room physician at Summa Health Systems ["Summa"]" (collectively "Defendants"), pursuant to 42 U.S.C. § 1983. Doc. 1 at 1 (Complaint).[1] Clemons alleges that on April 5, 2018, he was suffering from chest pain and called 911. *Id*. at 2. According to the Complaint, John Doe responded to the 911 call and assessed Plaintiff. Plaintiff alleges that John Doe then called Jane Doe "and related information unknown." Thereafter, John Doe told Plaintiff that "the doctor told us not to bring you by ambulance" because Plaintiff's vitals indicated "no heart attack" and "no emergency." *Id*.

Clemons claims that "it is clearly established law that neither defendant could rule out cardiac distress or any other substantial harm absent the standard cardiac work up which includes at a minimum, a troponin blood count." *Id*. Plaintiff alleges that he was

---

[1] The Complaint is captioned for the Eastern District of Virginia, and Clemons claims that his mailing address is in Fairfax, Virginia, but his current address is in Akron, Ohio. Doc. 1 at 1.

forced to walk over a mile to the hospital in freezing rain "because they did not like [me]" and, when he arrived at the hospital, he was "treated as a potential cardiac patient" and suffered "aggravation of a serious anxiety disorder."[2]  *Id*. at 2-3.

Based upon these facts, Clemons alleges that the Defendants illegally refused him "emergency care via an ambulance" and, in so doing, violated his rights to emergency service under the Fourteenth Amendment, as well as 42 U.S.C. § 1395dd.  Clemons sues the Defendants in their individual capacities and seeks $50,000.00 in damages.  *Id*. at 3.

For the reasons that follow, this case is dismissed.

**I. Standard of Review**

P*ro se* pleadings are liberally construed by the Court.  *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers); *Boag v. MacDougall*, 454 U.S. 364, 365 (1982). Nevertheless, federal district courts are expressly required under 28 U.S.C. § 1915(e)(2)(B) to screen all *in forma pauperis* actions and to dismiss before service any such action that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

The standard for dismissal articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) with respect to Fed. R. Civ. P. 12(b)(6) also governs dismissal under § 1915(e)(2)(B).  *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010).  Therefore, in order to survive scrutiny under § 1915(e)(2)(B), a *pro se* complaint must set forth sufficient factual matter, accepted as true and with all reasonable inferences drawn in plaintiff's favor, to state a plausible claim for relief.  *See*

---

[2] According to Clemons, he suffers from a serious anxiety disorder with related chest pain, and has been diagnosed with angina and "undiagnosed" chest pain.  Doc. 1 at 2 n.1.

*Anson v. Corr. Corp. of Am.*, 529 F. App'x 558, 559 (6th Cir. 2013) ("Section 1915(e)(2)(B) authorizes dismissal if the action fails to state a plausible claim for relief or is frivolous."); *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross and Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008) (citations omitted).

## II. Analysis

### A. 42 U.S.C. § 1983

"In order to plead a cause of action under § 1983, a plaintiff must plead two elements: '(1) deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under color of state law.'" *Tate v. Comrie*, No. 5:16CV3090, 2018 WL 1409288, at *4 (N.D. Ohio Mar. 21, 2018) (emphasis removed) (quoting *Hunt v. Sycamore Cmty. Sch. Dist. Bd. of Educ.*, 542 F.3d 529, 534 (6th Cir. 2008) (citations omitted)); *Waters v. City of Morristown, TN*, 242 F.3d 353, 358-59 (6th Cir. 2001) (same) (citation omitted). Clemons fails to state a plausible §1983 claim against either defendant.

#### 1. *No constitutional violation*

Clemons' § 1983 claim fails on the first element because there is no constitutional right to emergency services under the facts alleged. "It is not a constitutional violation for a state actor to render incompetent medical assistance or fail to rescue those in need." *Jackson v. Schultz*, 429 F.3d 586, 590 (6th Cir. 2005) (citing *DeShaney v. Winnebago Cty. Dep't of Soc. Servs.,* 489 U.S. 189, 196 (1989)). Even if a state actor's actions are medically unreasonable, such "'improper medical treatment by a government employee, standing alone, does not violate the Fourth or Fourteenth Amendment.'" *Hearring v. Sliwowski*, 712 F.3d 275, 281 (6th Cir. 2013) (quoting *Peete v. Metro. Gov't of Nashville*

*& Davidson Cty.*, 486 F.3d 217, 222 (6th Cir. 2007)) (further citation omitted). "The two applicable exceptions to this general rule are (1) the custody exception and (2) the state-created danger exception[,]" neither of which are applicable here. *See Jackson v. Schultz*, 429 F.3d 586, 590 (6th Cir. 2005) (citing *DeShaney*, 489 U.S. at 199-201). Even if John Doe and Jane Doe had some affirmative duty to Clemons under tort law, not "'all common-law duties owed by government actors were ... constitutionalized by the Fourteenth Amendment.'" *DeShaney*, 489 U.S. at 202 (citation omitted).

The facts alleged by Clemons, assumed to be true, do not establish a Fourteenth Amendment or constitutional violation of any sort. Thus, Clemons fails to state a plausible § 1983 claim against John Doe and Jane Doe, and that claim must be dismissed pursuant to § 1915(e)(2)(B).

### *2. Jane Doe is not a state actor*

Clemons' § 1983 claim against Jane Doe fails for the additional reason that there are no facts alleged from which the Court could infer that she acted under color of state law.[3] Clemons claims that Jane Doe is an emergency room doctor at Summa; he does not allege that Summa is a government hospital or a state-supported entity.

In order for a private individual to be considered "acting under color of state law," her conduct must be "fairly attributable" to the State rather than to a private entity. *See Blythe v. Schlievert*, 245 F. Supp. 3d 959, 967 (N.D. Ohio 2017) (citing *Lugar v. Edmondson Oil Co., Inc.,* 457 U.S. 922, 937 (1982)); *Hinton v. Teodosio*, No. 5:12 CV 1267, 2012 WL 5354584, at *8 (N.D. Ohio Oct. 29, 2012) (same) (citing *Lugar*, 457 U.S. at 937). "The Supreme Court has established four tests for determining whether the

---

[3] Clemons sues John Doe in his individual capacity. While not entirely clear from the Complaint, it appears that John Doe "Akron EMT" may be an employee of the City of Akron.

challenged conduct may be fairly attributable to the State for purposes of a § 1983 claim. These are: (1) the public function test; (2) the state compulsion test; (3) the symbiotic relationship or nexus test; and (4) the entwinement test." *Hinton,* 2012 WL 5354584, at *8 (citing *Wolotsky v. Huhn,* 960 F.2d 1331, 1335 (6th Cir. 1992)) (further citation omitted). Jane Doe's alleged actions do not satisfy any of these tests.

First, providing emergency medical care to private individuals is not a public function. *See e.g. Mills v. St. Vincent Charity Hosp.*, No. 1:12 CV 1599, 2012 WL 5383407, at *2 (N.D. Ohio Nov. 1, 2012) ("Providing medical care is not a power reserved exclusively to the state."); *Gant v. Bowles*, No. 3:05-0949, 2005 WL 2994443, at *3 (M.D. Tenn. Nov. 3, 2005) ("Providing medical care to private individuals does not constitute the kind of power that a state traditionally reserves exclusively for itself."). Second, there are no facts alleged from which the Court can infer that the State of Ohio exercised coercive powers over Jane Doe's alleged actions. Nor can the Court infer that Jane Doe acted together with the State of Ohio with respect to the conduct claimed, or that the State of Ohio was pervasively entwined with Summa or Jane Doe. *See Hinton,* 2012 WL 5354584, at *8 (citations omitted); *Mills*, 2012 WL 5383407, at *2 (citation omitted).

Private individuals such as Jane Doe, working in a private capacity for a private employer, are not "clothed with the authority of state law." *Blythe*, 245 F. Supp. 3d at 967 (quoting *U.S. v. Classic*, 313 U.S. 299, 326 (1941)). Because Clemons fails to allege facts from which the Court could infer that Jane Doe acted under color of state law, he fails to state a plausible § 1983 claim against her for this additional reason.

### B. 42 U.S.C. § 1395dd

Whether Clemons' allegation concerning 42 U.S.C. § 1395dd is a separate claim or part of his § 1983 claim, that claim also fails. The Emergency Medical Treatment and Active Labor Act ("EMTALA") (Social Security Act § 1867, as amended, 42 U.S.C. § 1395dd) was enacted to ensure public access to emergency services regardless of ability to pay. *See Cleland v. Bronson Health Care Grp.*, Inc., 917 F.2d 266, 269 (6th Cir. 1990). Section 1395dd(a) describes the obligation of a hospital to screen individuals coming to the emergency department for an emergency medical condition. Section 1395dd(b) provides that when a hospital determines an emergency condition exists, that individual must receive appropriate treatment in order to stabilize the condition. *See Thornton v. Sw. Detroit Hosp.*, 895 F.2d 1131, 1134 (6th Cir. 1990).

EMTALA provides a private right of action against hospitals, but not against individuals. *Moses v. Providence Hosp. & Med. Ctrs., Inc.*, 561 F.3d 573, 587 (6th Cir. 2009) (citing 42 U.S.C. § 1395dd(d)(2)(A) and collecting cases). Accordingly, Clemons fails to state a plausible claim against John Doe and Jane Doe under § 1395dd, and that claim must also be dismissed.

**III. Conclusion**

For all of the foregoing reasons, this case is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief can be granted. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.


July 5, 2018 /s/ John R. Adams
JUDGE JOHN R. ADAMS
UNITED STATES DISTRICT COURT